# EXHIBIT A

DEFENDANT TRANS UNION LLC'S NOTICE OF REMOVAL

ELECTRONICALLY FILED<br>
2017 Aug 28 PM 3:33<br>
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT<br>
CASE NUMBER:  2017-LM-003813<br>
Division:  11

Christopher Farabee

vs.

Perfection Collection LLC et. al.

**SUMMONS**

To the above-named Defendant/Respondent:

> **Trans Union, LLC**
> **RA: THE PRENTICE-HALL CORPORATION SYSTEM, KANSAS, INC.**
> **2900 SW WANAMAKER DRIVE SUITE 204**
> **TOPEKA, KS  60661**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 09/25/2017, to be held at the following location:

> Wyandotte County District Court
> Wyandotte County District Court
> 710 N. 7th St.
> Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you.  The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed  on 08/28/2017 04:24:33 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2017 Aug 28 PM 3:33
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-003813

**In the District Court of Wyandotte County, Kansas**
**Limited Actions Division**

CHRISTOPHER W FARABEE,

        Plaintiff,

vs.

PERFECTION COLLECTION LLC, TRANS
UNION, LLC AND EXPERIAN
INFORMATION SOLUTIONS INC.,

        Defendants.

Case Number:  2017-LM-003813

Division: 11

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1.    This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 et seq.

2.    Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3.    Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

4.    Plaintiff is a resident of Kansas.

5.    Defendant Perfection Collection LLC is a Utah Limited Liability Company.

1

6.     At all times relevant hereto, Defendant Perfection Collection LLC was and is engaged in the business of collecting consumer debts, all within Kansas.

7.     Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

8.     At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

9.     Defendant Experian Information Solutions Inc. is a Delaware corporation.

10.    At all times relevant hereto, Defendant Experian was and is engaged in the business of credit reporting, all within Kansas.

11.    In 2017, Defendant Perfection Collection reported a $4291.00 past due balance owed to Medical-Vision Security on Plaintiff's credit reports from Defendants Trans Union and Experian.

12.    Plaintiff did not sign up for an account with Medical-Vision Security.

13.    Plaintiff disputed the improper balance with Defendants Trans Union and Defendant Experian, notifying Defendants that Plaintiff did not sign up for an account with Medical-Vision Security.

14.    Plaintiff was informed by Defendants Trans Union and Defendant Experian that Defendant Perfection Collection re-verified that Plaintiff owed the balance and that the reporting was correct.

15.    Defendants have been reporting and reinserting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

16.    Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the

2

misreporting was on the credit report and were misinformed by Defendants about Plaintiff's credit worthiness.

17.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and s credit worthiness.

### Count I – Violations of the Fair Credit Reporting Act - Defendants Trans Union and Defendant Experian

Comes now Plaintiff and for Count I against the Defendants Trans Union and Experian states and alleges to the Court as follows:

18.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19.     At all times pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

20.     At all times pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

21.     At all times pertinent hereto, the Plaintiff Christopher W Farabee is a "consumer" as that

3

term is defined by 15 U.S.C. §1681a(c).

22.     At all times pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

23.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union and Experian are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

24.     In addition, Plaintiff disputed the inaccuracy to Defendants Trans Union and Experian and Defendants Trans Union and Experian failed to correct the inaccuracies.

25.     Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union and Experian are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information under 15 U.S.C. §1681i wherein the Defendants Trans Union and Experian failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to

4

correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

26.     The conduct of Defendants Trans Union and Experian were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants Trans Union and Experian are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendants Trans Union and Experian based on the following requested relief:

a.     Actual damages;

b.     Statutory damages;

c.     Punitive damages

d.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

e.     Such other and further relief as may be necessary, just and proper

### Count II – Violations of the FCRA – Defendant Perfection Collection LLC

Comes now Plaintiff and for Count II against Defendant Perfection Collection LLC and states and alleges to the Court:

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

5

28.     Upon information and belief, the consumer reporting agencies reported to the Defendant Perfection Collection LLC, furnisher-subscriber (creditor and collector), that Plaintiff disputed the charge-off, delinquency and false credit reporting.

29.     Despite receipt of the same dispute several times, the Defendant Perfection Collection LLC, furnisher-subscriber (creditor and collector), failed to respond with truthful information, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the consumer reporting agencies, all in violation of the Act.

30.     According to the national consumer reporting agencies' reports, the Defendant, furnisher-subscriber, continued to falsely report about Plaintiff.

31.     Defendant Perfection Collection LLC, furnisher-subscriber (creditor and collector), have likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

32.     Rather, Defendant Perfection Collection LLC, furnisher-subscriber (creditor and collector), continued to report false and inaccurate information and failed to retract, delete and suppress false and inaccurate information they reported about the Plaintiff, as described more fully above.

33.     Defendant Perfection Collection LLC, furnisher-subscriber (creditor and collector), failed to investigate or reinvestigate regarding consumer credit data they reported and repeatedly re-reported about Plaintiff.

34.    Defendant Perfection Collection LLC, furnisher-subscriber (creditor and collector), failed to review all relevant and pertinent information provided to it by the consumer reporting agencies.

35.    Defendant Perfection Collection LLC, furnisher-subscriber (creditor and collector), knew or should have known that its reporting and activities would (and will) damage Plaintiff and his ability to enjoy life and utilize the credit rating and reputation property rights his secured by honoring his obligations to all of his creditors.

36.    Defendant Perfection Collection LLC, furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the consumer reporting agencies of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

37.    The conduct of Defendant Perfection Collection LLC was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Defendant is liable to the Plaintiff for the amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendant Perfection Collection LLC for the following requested relief:

      a.    Actual damages;

      b.    Statutory damages;

      c.    Punitive damages;

d.    Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

e.    Such other and further relief as may be necessary, just and proper.

### Count III – Fair Debt Collection Practices Act
### Defendant Perfection Collection LLC

COMES NOW Plaintiff and as for Count III against Defendant Perfection Collection LLC, states and alleges as follows:

38.    Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

39.    At all times relevant hereto, Defendant Perfection Collection LLC was and is engaged in the business of collecting consumer debts in Kansas.

40.    The Court has concurrent jurisdiction over the Fair Debt Collection Practices Act pursuant to 15 USC §1692k(d).

41.    This is an action for damages brought by an individual consumer for Defendant Perfection Collection LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

42.    Plaintiff is a consumer as defined by 15 USC §1692a (3) of the FDCPA.

43.    The principal purpose of Defendant Perfection Collection LLC is the collection of consumer debts using the mails and telephone, and Defendant Perfection Collection LLC regularly attempts to collect debts alleged to be due another.

44.    Defendant Perfection Collection LLC is a debt collector as defined by 15 USC

8

§1692a (3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another or by taking of assignment of a debt already declared to be in default by the originating creditor.

45.    The Defendant Perfection Collection LLC was attempting to collect a consumer debt as defined by 15 USC §1692a (5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

46.    The standard in determining whether the Defendant Perfection Collection LLC violated the FDCPA is the least sophisticated consumer standard.  Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

48.    15 U.S.C. §1692e entitled false or misleading representations states that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) the false representation of-- the character, amount, or legal status of any debt; (5) the threat to take any action that cannot legally be taken or that is not intended to be taken; and (8) communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the

9

failure to communicate that a disputed debt is disputed.

49.    15 U.S.C. § 1692f entitled unfair and deceptive practices A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

50.    The above-described acts are misleading to the least sophisticated consumer.

51.    Defendant Perfection Collection LLC's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

52.    As a result of the above violations of the stated Act, the Defendant Perfection Collection LLC is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant Perfection Collection LLC for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Stecklein & Rapp
748 Ann Avenue
Kansas City, KS 66101
Telephone:   (913) 371-0727
Facsimile:
Email:  aj@kcconsumerlawyer.com
          mr@kcconsumerlawyer.com
Attorneys for Plaintiff

10

**Stecklein & Rapp Chartered**
748 Ann Avenue
Kansas City, Kansas 66101



7015 0640 0006 6275 8663



**Trans Union LLC**
RA: Prentice-Hall Corporation System Kansas
2900 SW Wanamaker Drive, Suite 204
Topeka, Kansas 66614