# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHRISTOPHER W. FARABEE,**

    **Plaintiff,**

    **v.**

**PERFECTION COLLECTION LLC, ET AL.,**

    **Defendants.**

Case No. 17-CV-02528-JAR-GEB

## MEMORANDUM & ORDER

Before the Court is Plaintiff Christopher W. Farabee's Application for Clerk's Entry of Default (Doc. 20) as to Defendant Perfection Collection LLC. Plaintiff contends that he effectuated service of process on Perfection Collection on September 14, 2017, and that Perfection Collection has failed to plead or otherwise defend within 21 days as required by the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's application is denied and Plaintiff is ordered to effectuate proper service upon Perfection Collection within 30 days from the date of this Order.

Plaintiff filed this action on or about August 28, 2017 in the District Court of Wyandotte County, Kansas, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, against Defendants Perfection Collection LLC, Trans Union LLC, and Experian Information Solutions, Inc. Trans Union filed a Notice of Removal to this Court on September 12, 2017.[1] In that notice, Trans Union states that Trans Union and Experian were served with Plaintiff's

---

[1] Doc. 1.

Petition on September 1, 2017, but that "Plaintiff has not filed a Certificate of Service regarding Perfection Collection LLC and it is unknown to the other defendants the status of service."[2]

On November 9, 2017, Plaintiff filed a document styled, "Return of Service (Certified Mail Service)."[3] In that document, Plaintiff's counsel states that:

> I have served the within civil process by mailing on the 30th day of August 2017 a Petition and Summons in the above-captioned matter by certified mail return receipt requested to Defendant Perfection Collection LLC. The name and the address on the envelope containing the process mailed by certified mail return receipt requested was: Perfection Collection LLC; RA: Brian Scott Fuller, 313 E. 1200 S., Suite 102, Orem, Utah 84058. *See* service envelope and USPS Tracking Results, attached as Exhibits 1 and 2, respectively.[4]

The attached USPS Tracking Results indicate that the item sent by certified mail was "delivered to an individual at the address at 9:44 am on September 14, 2017 in Orem, UT 84058."[5] However, the Return Receipt affixed to the service envelope is missing the signature of the individual who accepted delivery.[6] Although Plaintiff claims to have effectuated service on Perfection Collection on September 14, 2017, these documents are not sufficient to establish proper service of process.

Fed. R. Civ. P. 4 governs what a plaintiff must do to properly serve process in a federal action.[7] "The personal service requirements of this rule 'serve[] two purposes: notifying a defendant of the commencement of an action against him and providing a ritual that marks the

---

[2] *Id*. ¶¶ 3–4.

[3] Doc. 18.

[4] *Id*. at 1.

[5] Doc. 18-1.

[6] Doc. 18-2.

[7] *Schwab v. State of Kan*., Case No. 16-CV-4033-DDC-KGS, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016) (citing *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co*., 484 U.S. 97, 104 (1987)).

court's assertion of jurisdiction over the lawsuit.'"[8]  As relevant to this case, Rule 4(h) provides that in the absence of a waiver, a domestic or foreign corporation, or a partnership or other unincorporated association, must be served either "in the manner prescribed by Fed. R. Civ. P. 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[9]  Because Plaintiff here does not claim to have delivered the summons and complaint to an officer or agent of Perfection Collection, the Court must determine whether Plaintiff has complied with the requirements of Fed. R. Civ. P. 4(e)(1), which prescribes the manner for serving an individual.

Fed. R. Civ. P. 4(e)(1) provides that an individual may be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[10]  Thus, the Court must examine whether Plaintiff's attempt at service complied with either the state law of Kansas, where this Court is located, or the state law of Utah, where he claims to have served Perfection Collection.

Kansas law does permit service by return receipt delivery by "certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service."[11]  With respect to limited liability companies, Kansas law provides that service by return receipt delivery on an officer, partner, or agent must be addressed to the person at the

---

[8] *Id.* (quoting *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992)).

[9] Fed. R. Civ. P. 4(h)(1); *see also CapFinancial Props. CV1 v. Highway 210*, Civil Action No. 09-2465-DJW, 2011 WL 1303323, at *3 (D. Kan. Apr. 1, 2011) ("Courts have universally held that Rule 4(h) applies to limited liability companies . . . .").

[10] Fed. R. Civ. P. 4(e)(1).

[11] K.S.A. § 60-303(c).

person's usual place of business.[12]  However, such service must be "**in each instance evidenced by a written or electronic receipt showing to whom delivered**, the date of delivery, the address where delivered and the person or entity effecting delivery."[13]  Similarly, Utah law provides that service on a limited liability company may be accomplished by mail or commercial courier service, provided that the "**defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt**."[14]  Because the return receipt on the service envelope purportedly delivered to Perfection Collection was not signed, Plaintiff has complied with neither Kansas nor Utah law governing service of process and, therefore, has failed to comply with Fed. R. Civ. P. 4(e)(1).

Finally, the Court notes that under Fed. R. Civ. P. 4(m), a plaintiff has 90 days from the date the complaint is filed to serve process on the defendant or defendants.[15]  If the plaintiff fails to effectuate service within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . ."[16]  The Petition in this case was filed on or about August 28, 2017, approaching 120 days ago.  The Court therefore orders Plaintiff to effectuate proper service on Perfection Collection on or before January 19, 2018.  If Plaintiff fails to do so, his claims against Perfection Collection shall be dismissed without prejudice.

---

[12] K.S.A. § 60-304(e).

[13] K.S.A. § 60-303(c) (emphasis added).

[14] Utah R. Civ. P. 4(d)(2)(B) (emphasis added); 4(d)(1)(E).

[15] Fed. R. Civ. P. 4(m).

[16] *Id*.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Application for Clerk's Entry of Default (Doc. 20) is **denied**. Plaintiff is hereby ordered to effectuate proper service on Perfection Collection LLC on or before January 19, 2018.

**IT IS SO ORDERED.**

Dated: December 20, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE